This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Theresa B. Stephenson, along with the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission adopts and affirms the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing on 25 April 2000 as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On 17 July 1995 an employment relationship existed between the plaintiff-employee and the defendant-employer.
3. Defendant is self-insured and administers its own workers' compensation plan.
4. Plaintiff's average weekly wage was $920.24, yielding a compensation rate of $478.00, the maximum for 1995.
5. Plaintiff sustained a compensable injury arising out of and in the course of his employment with defendant on 17 July 1995.
6. Plaintiff's medicals arising out of this compensable injury are admitted into evidence as Stipulated Exhibit #2.
7. The following Industrial Commission Forms are admitted into evidence: 18, 19, 60, 28 rev., 25R, 62 and 28T.
8. The deposition of Dr. James Harvell is admitted into evidence.
9. Surveillance videos and reports are admitted into evidence as Defendants Exhibits 1 through 7.
10. The issue to be determined is whether plaintiff is permanently and totally disabled as a result of his 17 July 1995 compensable injury.
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On 17 July 1995 plaintiff was a 43-year-old male employed by defendant as an assembly technician. Defendant had employed plaintiff since 1982. Plaintiff's educational background includes graduation from high school and some courses at Pitt Community College. Defendant is engaged in the business of building forklifts. Plaintiff served in various technician capacities while working for defendant. Plaintiff built and serviced trailer axles, electrical points, hydraulic pumps, and forklifts.
2. On 17 July 1995 plaintiff sustained a compensable injury arising out of and in the course of his employment when a forklift operator accidentally struck the table plaintiff was standing on, causing a guard to tip over and strike plaintiff in the back. Defendant accepted liability for this injury pursuant to an Industrial Commission Form 60.
3. Plaintiff originally received treatment at Pitt Memorial Hospital and later from Dr. Ira Hardy, a neurosurgeon. Dr. Hardy treated plaintiff conservatively and released him to return to work. Plaintiff returned to work 18 September 1995. Defendant paid plaintiff for the temporary total disability from 17 July 1995 through 17 September 1995. Defendant also paid plaintiff twenty-six (26) weeks for the ten percent (10%) permanent partial disability rating assigned by Dr. Hardy.
4. The plaintiff continued to have pain and missed time from work. Defendant sent plaintiff back to Dr. Ira Hardy and Dr. Hardy referred plaintiff to Dr. James Harvell, an orthopedic surgeon. Plaintiff received treatment for low back and bilateral lower extremity pain, secondary to a condition known as isthmic spondylolosthesis, which was aggravated by plaintiff's compensable injury.
5. Isthmic spondylolosthesis is an anatomical defect given to the lumbar spine that results in a slippage or misalignment between the L5 vertebral body and the S1 vertebral body. The condition causes low back pain and can cause nerve root entrapment.
6. On 19 June 1996 Drs. Ira Hardy and James Harvell performed reconstructive surgery on plaintiff's spine. Dr. Hardy performed a decompression laminectomy of the L5 vertebrae. During the same anesthetic Dr. Harvell performed a posterior spinal fusion of the L5-S1 motion segment.
7. Following the surgery plaintiff had significant improvement in the radicular pain and parenthesis in his lower extremity and some improvement in the lower back pain.
8. On 19 August 1997 plaintiff returned to work light duty. Defendant paid plaintiff temporary partial disability. Plaintiff wore a brace while at work and took medication. Plaintiff was originally supposed to work four hours a day and build up to full-time, however, plaintiff was not able to work more than three hours per day.
9. Plaintiff went out of work entirely on 14 October 1997 with Dr. Harvell's recommendation. Defendants have paid plaintiff temporary total disability at his compensation rate since 14 October 1997. Plaintiff has not worked or earned wages since that time.
10. Plaintiff saw Dr. Harvell in October 1997 but did not see him again until 16 June 1998. At that time plaintiff had been in physical therapy, an aquatics program, and a stretching program. Plaintiff still had back pain but minimal lower extremity pain. Plaintiff's medication use had decreased. Dr. Harvell did not object to a vocational assessment.
11. Dr. Harvell saw plaintiff again in February 1999 and the last visit of record is 29 June 1999. Plaintiff's long-term prognosis is fair. Plaintiff will continue to experience a moderate degree of back pain and minimal lower extremity pain. Plaintiff is able to manage his pain with non-narcotic analgesis Ultram and over-the-counter anti-inflammatories.
12. Plaintiff is not able to return to his capacity as an assembly technician. Plaintiff is able to perform work on a sedentary level, although possibly only part-time. Plaintiff is in need of further clinical and radiographic evaluation, a follow-up functional capacity examination for a clearer assessment of his capabilities, as well as possible work hardening.
13. Surveillance tapes revealed plaintiff driving around the community running errands and going grocery shopping. In the videos plaintiff can freely walk around, bend, push, pick-up items, place a large item in the trunk of his car and use a hammer on a windowsill. Plaintiff also walks three to four times per day for an approximate two mile total.
14. At the time of hearing, there were three positions at defendant which fit within Dr. Harvell's restrictions. These are the cowl assembly position, a panel assembly job and a wire harness assembly job. These jobs are primarily sedentary and would not require plaintiff to lift over ten pounds or perform any repetitive lifting, bending, stooping or squatting. These positions pay around $13.40 per hour and are regular positions that exist to be filled at defendant's place of business.
15. The greater weight of the evidence is that plaintiff is not permanent and totally disabled. Dr. Harvell rated plaintiff with a thirty percent (30%) permanent partial disability in August 1997. However, it is Dr. Harvell's practice generally to rate workers' compensation patients one year after surgery. Plaintiff improved in 1998 after he received this rating. This rating is not reflective in and of itself whether plaintiff has reached maximum medical improvement and vocational rehabilitation.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On 17 July 1995 plaintiff sustained a compensable injury to his back arising out of and in the course of his employment with defendant. N.C.G.S. § 97-2(6).
2. As a result of plaintiff's compensable injury he is entitled to temporary total disability at his compensation rate of $478.00 per week from 14 October 1997 and continuing until further Order of the Commission. N.C.G.S. § 97-29.
3. The greater weight of the evidence is that plaintiff is not permanently and totally disabled. N.C.G.S. § 97-29.
4. As a result of plaintiff's compensable injury, plaintiff is entitled to have defendant provide all medical treatment arising out of plaintiff's 17 July 1995 compensable injury to the extent it tends to effect a cure, give relief to lessen plaintiff's period of disability. N.C.G.S. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Subject to a reasonable attorney fee approved herein, defendant shall pay temporary total disability at plaintiff's compensation rate of $478.00 from 14 October 1997 and continuing until further Order of the Industrial Commission.
2. Plaintiff's counsel shall receive every fourth compensation check, payable directly to plaintiff's counsel.
3. Defendant shall pay medical expenses incurred by plaintiff as a result of his compensable injury for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief or lessen plaintiff's period of disability.
4. Both sides shall pay the costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
 S/____________________ THOMAS JEFFERSON BOLCH COMMISSIONER